# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PILEPRO ANTITRUST
AND PATENT LITIGATION**                                     MDL No. 2660

## ORDER DENYING TRANSFER

**Before the Panel:**  Defendant PilePro LLC (PilePro) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the District of New Jersey or, alternatively, the Southern District of New York or the Eastern District of Texas.  This litigation currently consists of two actions listed on Schedule A and pending in two districts.[1]  Plaintiff Skyline, LLC (Skyline), suggests centralization in the Southern District of New York or, alternatively, opposes centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Proponents have not met that burden here.  There are just two actions pending here, involving most of the same parties.  Moreover, these actions are in vastly different procedural postures.  The Southern District of New York action has been proceeding efficiently and, *inter alia*, has held a claims construction hearing, has ruled on a motion for partial summary judgment, and fact and expert discovery are closed.  In contrast, the District of New Jersey action is stayed pending mediation, and there have been no substantive rulings in the case to date.  Though Skyline's brief requests centralization in the Southern District of New York, at oral argument, counsel conceded that the actions were in vastly different procedural postures and that centralization was not needed.

Moreover, we find there is not sufficient factual overlap among these actions to warrant centralization.  While both actions involve issues of infringement and validity of patents held by PilePro, they are not the same patents.  Furthermore, each action will involve a multitude of other issues and claims not involved in the other action.  The District of New Jersey action includes antitrust and unfair competition claims based on a supposed exclusive dealing relationship between PilePro defendant Plymouth Tube Company and allegations that the previous Eastern District of Texas action brought by PilePro was sham litigation.  In contrast, the Southern District of New York action includes claims that PilePro interfered with Skyline's relationships with its customers by making written accusations to Skyline and its customers that Skyline's products infringed PilePro's

---

[1]     PilePro's motion includes a third action in the Eastern District of Texas, but that action was voluntarily dismissed in 2011 and is closed.

-2-

patent.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor            Catherine D. Perry

**IN RE: PILEPRO ANTITRUST
AND PATENT LITIGATION**                               MDL No. 2660

## SCHEDULE A

District of New Jersey

SKYLINE STEEL, LLC v. PILEPRO L.L.C., ET AL., C.A. No. 2:13-04930

Southern District of New York

SKYLINE STEEL, LLC v. PILEPRO L.L.C., C.A. No. 1:13-08171